IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

STERLING H. JONES

v.                                    CIVIL ACTION NO.

PATRICK R. DONOHOE,
POSTMASTER GENERAL,
U.S. POSTAL SERVICE

**ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

1. Sterling H. Jones, plaintiff, files this original complaint against Patrick R. Donohoe, Postmaster General, U.S. Postal Service., defendant, and shows the following:

2. This court has jurisdiction on the existence of a federal question, violation of 42 U.S.C. Sec. 1983, civil action for deprivation of rights, and violation of 42 U.S.C. Sec. 1985, conspiracy to violate civil rights. The court's pendant jurisdiction to enforce plaintiff's state court claims is also invoked. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper within the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. 1391 because defendant does business in the Southern District of Texas, Houston Division, and the events and/or omissions giving rise to the claims herein have occurred in the Southern District of Texas, Houston Division. The matter in controversy exceeds the sum or value of the threshold monetary jurisdictional amount for actions in federal courts, exclusive of interest and costs, arises under the statutes and laws of the United states, and is brought for equitable relief and money

damages.

4. Plaintiff is an individual residing in Houston, Harris County, Texas. Defendant is an independent governmental agency. It may be served with citation by serving Patrick R. Donohoe, Postmaster General, U.S. Postal Service. At all times relevant hereto each defendant maintained a place of business in Houston, Harris County, Texas. Venue is proper in Harris County, Texas, because each defendant maintains its business in Harris County, Texas, and the subject matter of the lawsuit arises out of actions by defendant against plaintiff in Harris County, Texas.

5. This lawsuit arises out of repeated, unwanted, uninvited and unauthorized invasions of plaintiff's privacy by defendant acting through its supervisor or supervisors.

## SUMMARY OF LEGAL THEORIES

6. At all times during the periods relevant to this lawsuit, plaintiff was a full time employee of defendant. At all times during the periods relevant to this lawsuit, plaintiff had a reasonable expectation of privacy concerning his personal communications and personal effects at his place of employment and in his personal undertakings. Plaintiff enjoys a constitutional right to protection against unreasonable searches under the Fourth Amendment to the U. S. Constitituion.

7. Defendant violated Jones' rights to protection against unreasonable searches under the Fourth Amendment by subjecting him to unreasonable searches in violation of the Fourth Amendment as more specifically described herein. In doing so, defendant violated Jones' reasonable expectation of privacy in his personal

communications and personal effectis at his place of employment and in his personal undertakings.

8. Jones brings this action under 42 U.S.C. Sec. 1983, Civil action for deprivation of rights, and under state law claims for invasion of privacy.

**PLAINTIFF'S CLAIMS UNDER 42 U.S.C. SEC. 1983**

9. 42 U.S.C. Sec. 1983, provides as follows:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privilege, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."

10. Plaintiff alleges that defendant violated 42 U.S.C. Sec. 1983 by engaging in, or tolerating a governmental policy or custom, of depriving certain classes of citizens, including plaintiff, of the constitutional right to equal protection of the laws. The governmental policy or custom of which plaintiff complains was a policy or custom of engaging in unauthorized, unwanted, and uninvited invasions of privacy at the workplace and which resulted in a deprivation of his constitutional right to protection from

unreasonable searches under the Fourth Amendment.

11. Plaintiff further alleges that defendant violated the United States Postal Service Privacy Act by disclosing information concerning plaintiff to an internal party, (another Postal Service employee) who had no official need to know the disclosed information.

## CLAIMS UNDER 42 U.S.C. 1981

12. Defendant's action with respect to plaintiff's job duties and responsibilities, and his failure to receive compensation and benefits due him was in violation of 42 U.S.C. Sec. 1981, and specifically that portion of the statute according him the same right in every State and Territory to make and enforce contracts, as is enjoyed by white citizens.

## STATE LAW CLAIMS OF INVASION OF PRIVACY

13. Plaintiff's state law claims are based upon actions by defendant in engaging in unauthorized, unwanted, and uninvited invasions of privacy at the workplace. Plaintiff was subjected to unauthorized, unwanted, and uninvited invasions of privacy at the workplace in that defendant interferred with and intruded upon his personal communications through electronic devices.

14. As a proximate result of the above described violations, plaintiff suffered injury to his health, reputation, welfare, and character, and suffered embarrassment, humiliation and mental anguish, all to his damage in an amount within the jurisdictional limits of the court.

15. Plaintiff has been required to retain counsel to prosecute his claims and seeks recovery of his reasonable attorney fees in

the prosecution of his claims.

**PRAYER**

Wherefore, plaintiff requests that defendant be summoned to appear and answer and that on final trial he have the following:

1. Judgment against defendant for damages and exemplary damages in an amount within the jurisdictional limits of the court.
2. An award of attorney fees for prosecuting his claims against defendant.
3. Interest prior to judgment from date due until date of judgment at the maximum rate prescribed by law.
4. His costs in the matter expended.
5. Interest after judgment at the maximum lawful rate on all the above sums from date of judgment until paid.

Plaintiff demands a trial by jury.

Respectfully submitted,

Law Office of Woodrow Epperson

/s/ Woodrow Epperson
Woodrow Epperson
10565 Katy Freeway
Suite 250
Houston, Texas 77024
(713) 973-6303
FAX (713) 973-1882
jepper1068@aol.com

Attorney in charge for Sterling H. Jones

Tex Bar No. 06637000
So. Dist No. 143